85 P.3d 177

**STATE of Hawai'i, Petitioner–
Plaintiff–Appellee,**

v.

**Leslie G.O.K. GUERNSEY, Respondent–
Defendant–Appellant.**

No. 22767.

Supreme Court of Hawai'i.

Feb. 18, 2004.

Reconsideration Denied March 8, 2004.

Alexa D.M. Fujise, Deputy Prosecuting Attorney, on the briefs, for petitioner-plaintiff-appellee State of Hawai'i.

Taryn R. Tomasa and Edward K. Harada, Deputy Public Defenders, on the briefs, for respondent-defendant-appellant Leslie G.O.K. Guernsey.

MOON, C.J., LEVINSON, NAKAYAMA, ACOBA, and DUFFY, JJ.

Petitioner-plaintiff-appellee State of Hawai'i [hereinafter, "the prosecution"] applied for a writ of certiorari to review the published opinion of the Intermediate Court of Appeals (ICA) in *State v. Guernsey*, 104 Hawai'i 16, 84 P.3d 524 (Haw.App.2001), in which the

---

ICA vacated the district court's[1] judgment and remanded for a new trial.

The sole issue on appeal is whether an anonymous caller's report of erratic driving is sufficient to justify an investigatory stop. Based on this court's opinion in *State v. Prendergast,* 103 Hawai'i 451, 83 P.3d 714 (Haw.2004), we reverse the holding of the ICA and affirm the district court's judgment of conviction and sentence.

The only factual distinction between this case and *Prendergast* is that, when a Honolulu Police Department Officer stopped Guernsey, the only two cars on the road were Guernsey's vehicle and the Officer's vehicle. In contrast, there were several cars in front of and behind the defendant in *Prendergast.* This distinction does not affect the *Prendergast* analysis. The potential danger from an intoxicated driver, even on an empty road, is still great; this danger is sufficient to distinguish the instant case from *State v. Phillips,* 67 Haw. 535, 696 P.2d 346 (1985). Therefore,

IT IS HEREBY ORDERED that the ICA's opinion is reversed and the district court's judgment of conviction and sentence is affirmed.

1. The Honorable George Kimura presided over the trial. The Honorable James H. Dannenberg presided over the hearing on Guernsey's motion to suppress.